ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| URSO JOEL CASTILLO-MEJIA | ) | CASE NO.   1:06CV1457 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on a petition to vacate, set aside, or amend sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Urso Joel Castillo-Mejia.  The Court has been advised, having reviewed the petition, the Government's response, Petitioner's traverse, and the applicable law.  For the reasons that follow, the petition is DENIED.

**I.      Facts**

A multi-count indictment was returned against Petitioner on April 30, 2003.  A superseding indictment was returned on June 17, 2003, adding five defendants to the alleged conspiracy involving Petitioner.  On September 24, 2003, Petitioner was convicted of one count of conspiracy to distribute heroin.  On December 19, 2003, he was sentenced to 121 months in prison.  Petitioner timely appealed and the Sixth Circuit affirmed his conviction.  *See United States v. Castillo-Mejia*, 133 Fed.Appx. 181 (6th Cir. 2005).

On June 13, 2006, Petitioner filed his § 2255 motion.  The Government responded in opposition on January 8, 2007.   Petitioner then filed his traverse to the Government's response on February 5, 2007.   The matter now appears before this Court.

## II.     Legal Standard

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence.  *In re Gregory,* 181 F.3d 713, 714 (6th Cir. 1999).  Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law.  *See Davis v. United States,* 417 U.S. 333 (1974); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979).

Under § 2255 there are four grounds upon which federal prisoners may challenge their conviction or sentence:   (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."   28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426-27 (1962).

In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial, injurious effect or influence on the proceedings.  *McNeil v. United States,* 72 F. Supp.2d 801, 803 (N.D.Ohio 1999) (citing *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999)).   In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it

amounts to a violation of due process." *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill,* 368 U.S. at 428).

"[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' *Arredondo v. U.S.*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). "Furthermore, Petitioner's 'allegations of prejudice must be specific, concrete and supported by the evidence - vague, speculative, or conclusory allegations will not suffice.'" *Savoca v. United States*, Case No. 1:06CV1747, 2008 WL 906122 (N.D.Ohio 2008) (quoting *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir.1988)).

**III.  Analysis**

Petitioner raised the following six claims in his motion: 1) ineffective assistance of trial counsel, 2) use of perjured testimony by the government, 3) wrongful withholding of exculpatory evidence, 4) ineffective assistance of appellate counsel, 5) refusal by counsel to return his case file, and 6) his sentence was the result of "constitutional and statutory error." Doc. 1 at 4-5.  In his traverse, Petitioner appears to withdraw five of his six claims: "Petitioner chooses at this point to limit his argument to the intentional use of perjured testimony in order for the government to obtain a conviction." Doc. 10 at 2.  Out of caution, the Court reviews all six of his originally asserted grounds for relief.

In his five errors that were not argued separately,[1] Petitioner presented no facts in support of his statements of error.  While alleging that his trial counsel failed in every conceivable manner, Petitioner has not identified a single fact to support his claim.  In claims three through

---

[1] Grounds 1, 3, 4, 5, and 6 in the motion.

six, the same is true. Petitioner has not identified a single fact in support of his claims. As these claims contain only legal conclusions without statements of fact, they lack merit. *Arredondo*, 178 F.3d at 782.

Petitioner has argued in depth that his conviction resulted from the use of perjured testimony.[2] The Court, therefore, reviews the merit of that claim.

The knowing use of perjured testimony violates due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Bagley,* 473 U.S. 667, 678 (1985). In order to state a claim of subornation of perjury, it must be shown that the testimony referred to was false, that it was material, and that the prosecutor knew it was false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998). "The burden is on the defendant[] to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony." *Id.* (quoting *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir.1989)).

Petitioner has detailed at length the testimony of his co-conspirators and several government agents. Much of the argument raised with respect to this testimony seems to focus on Petitioner's belief that the evidence did not establish his membership in the conspiracy. Petitioner, however, has done nothing more than identify several inconsistencies in the testimony presented. For example, co-conspirator John Calderone testified that he was present for meetings with Petitioner in December of 2000, but had previously told law enforcement that he had not been to Cleveland (where Petitioner was residing) until 2001. Petitioner has offered no evidence of the falsity of the statements made by his co-conspirators. *Id.* at 823 ("Although [the witness']

---

[2] Ground 2 in the motion.

statement may have been inconsistent with other evidence presented in the case, the [defendant has] not demonstrated that it was indisputably false.").   Furthermore, Petitioner has not offered a scintilla of evidence to support his claim that the government was aware of this false testimony.  Consequently, his final ground for relief lacks merit.

**IV.    Conclusion**

For the reasons stated herein, the petition is DENIED.  This matter is DISMISSED.  Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| May 13, 2008 | /s/   *John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |